IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM GEOFFERY DOBBINS, #167085, )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    CIVIL ACTION NO. 2:08-CV-581-MHT
                                    )                [WO]
                                    )
J. C. GILES, et al.,                )
                                    )
            Defendants.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, William Geoffery Dobbins ["Dobbins"], a state inmate, challenges actions taken against him and the adequacy of medical treatment provided to him during his incarceration at the Ventress Correctional Facility ["Ventress"]. On September 23, 2008, Dobbins filed a motion for preliminary injunction (Court Doc. No. 65) and again requested such relief in a document filed on October 2, 2008 (Court Doc. No. 78). In these motions, Dobbins requests issuance of a preliminary injunction which requires that the correctional defendants transfer him to federal custody or some other "unbiased place of confinement" as he feels threatened by correctional officials at Ventress due to the pendency of this case. *Motion for Preliminary Injunction - Court Doc. No. 65 at 1-2.* The correctional defendants filed a response addressing the plaintiff's allegations in which they deny his allegations. *Correctional Defendants' Response to Motion for Preliminary Injunction - Court Doc. No. 67.*

# I.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Dobbins demonstrates each of the following prerequisites:   (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).   "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th

Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II.  DISCUSSION

### A.  Basis for Relief

Dobbins argues he is entitled to issuance of a preliminary injunction to protect him from threats and harassment lodged by correctional officials.  It is clear the request by Dobbins that he be transferred would require interference by this court in the daily operation of the prison system regarding the security provided to inmates and the movement of inmates within the system.  Correctional officials are accorded wide latitude by the courts in the administration of their facilities and federal courts are admonished to defer to the judgment of such officials with respect to administrative decisions.  *Cruz v. Beto*, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081 (1972); *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Additionally, an inmate has no constitutional right to incarceration in a correctional facility of his choice.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Montanye v. Haymes*,

427 U.S. 236, 242 (1976).

### B.  The Prerequisites for Issuance of a Preliminary Injunction

Dobbins does not seek issuance of a preliminary injunction to preserve the status quo of the parties until the merits of his claims have been completely adjudicated, which constitutes the limited purpose of a preliminary injunction.  *Suntrust Bank*, 268 F.3d at 1265; *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981). Instead, Dobbins requests preliminary injunctive relief to alter the status quo and gain a transfer to a facility of his choice.   In addition, Dobbins has failed to demonstrate a substantial likelihood of success on the merits of his claims, and to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.   The balance of potential harm to the parties weighs more heavily in favor of defendants because issuance of the requested injunction would have an adverse affect on the daily operation of the prison system by allowing inmates to obtain transfers merely by alleging dissatisfaction with their current situations, whereas Dobbins' allegations of harm are entirely speculative.   Finally, the public interest element of the equation is a neutral factor at this juncture.   Thus, Dobbins has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motions for preliminary injunction filed by the plaintiff on September 23, 2008 (Court Doc. No. 65) and October 2, 2008 (Court Doc. No. 78) be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before October 16, 2008 the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 3rd day of October, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE